UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LOUIS LILAKOS, NICK PRITZAKIS,
TIFFANY LILAKOS,

                Plaintiffs,

- against -     **ORDER ADOPTING**
                **REPORT & RECOMMENDATION**
NEW YORK CITY, VLADIMIR PUGACH,     Case No. 14-cv-05288 (PKC) (LB)
NYPD SERGEANT ARTHUR LEVINE, NYPD
OFFICER JOSEPH GIGLIO, FIRE DEPT.
INSPECTOR ERVIN SANTIAGO,
KATHLEEN MCGEE, NYC MAYOR'S
OFFICE OF SPECIAL ENFORCEMENT, NYC
DEPARTMENT OF BUILDINGS, DEREK
LEE, ENVIRONMENTAL CONTROL
BOARD,

                Defendants.
-------------------------------------------------------X

PAMELA K. CHEN, United States District Judge:

       Plaintiffs Louis Lilakos, Tiffany Lilakos, and Nick Pritzakis initiated this action, pursuant to Title 42, United States Code, § 1983 ("Section 1983"), § 1985 and State law, alleging that Defendants violated their Fourth and Fourteenth Amendment rights by issuing and enforcing an order requiring them to vacate their home. Plaintiff Louis Lilakos also alleges that he was falsely arrested in July 2013 after he attempted to re-enter his home. On August 31, 2015, Defendants moved to dismiss all claims in Plaintiffs' Amended Complaint, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) for lack of jurisdiction and FRCP 12(b)(6) for failure to state a claim. On September 21, 2015, Defendants' motion was referred to the Honorable Lois Bloom for a Report and Recommendation ("R&R"), pursuant to Title 28, United States Code, § 636(b).

       On January 21, 2016, Judge Bloom issued an R&R recommending that the Court:

1. Deny Defendants' Rule 12(b)(1) motion for lack of subject matter jurisdiction;

2. Grant Defendants' 12(b)(6) motion for failure to state a claim as to:

   a. Plaintiffs' Section 1983 claims against the Department of Buildings ("DOB"), Environmental Control Board ("ECB"), the DOB's Office of Special Enforcement ("OSE"), and the City of New York;

   b. Plaintiff Tiffany Lilakos and Nick Pritzakis's due process claims;

   c. Plaintiff Louis Lilakos's false arrest claim;

   d. Plaintiffs' Section 1985 claim; and

   e. Plaintiff Tiffany Lilakos and Nick Pritzakis's malicious prosecution claim;

3. Deny Defendants' 12(b)(6) motion for failure to state a claim as to:

   a. Plaintiff Louis Lilakos's procedural due process claims;

   b. Plaintiff Louis Lilakos's substantive due process claim;

   c. Plaintiff Louis Lilakos's equal protection claim;

   d. Plaintiff Louis Lilakos's excessive force claim;

   e. Plaintiff Louis Lilakos's malicious prosecution claim; and

   f. All of Plaintiffs' State-law claims.

For the reasons set forth below, the Court adopts Judge Bloom's thorough and comprehensive R&R in its entirety, except that the Court provides Plaintiff Louis Lilakos an additional thirty (30) days to amend his complaint to supplement his Equal Protection class-of-one allegations.[1]

---

[1] The Court presumes the parties' familiarity with the underlying facts of this action as they have been set forth in great detail in the R&R issued by Judge Bloom. Accordingly, only the facts necessary for the decision on the objections to the R&R are discussed herein.

## STANDARD OF REVIEW

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been *properly* objected to." (emphasis added)).

> However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations. Further, the objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal.

*McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quotations and citations omitted). Thus, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *O'Diah v. Mawhir*, 08–CV–322, 2011 WL 933846, at *1 (S.D.N.Y. March 16, 2011) (citing *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 n.2 (N.D.N.Y. 2008); *Frankel v. N.Y.C.*, 06 Civ. 5450, 2009 WL 465645, at *2 (S.D.N.Y. Feb.25, 2009)).

Courts have held that when invoking *de novo* review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections[.]" *LaBarbera v. D. & R. Materials Inc.*, 588 F. Supp. 2d 342, 344 (E.D.N.Y. 2008) (quotations and citations omitted). Moreover, "[i]n this district and circuit, it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation

that could have been raised before the magistrate but were not." *Illis v. Artus*, 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) (quotations and citations omitted) (collecting cases).

Further, "submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal citations and quotations omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quotations and citations omitted).

## DISCUSSION

### I. PLAINTIFFS' OBJECTIONS[2]

In essence, Plaintiffs object to each and every unfavorable ruling in Judge Bloom's R&R. The Court addresses each below.

#### A. Operations Policy and Procedure ("OPPN") 16/93 and 16/91

Plaintiffs' primary argument, which serves as the basis for the large majority of their objections, is that Defendants allegedly "withheld" OPPN 16/93 and 16/91 prior to Plaintiffs filing

---

[2] Plaintiffs' objections span twenty-nine pages, in violation of the Court's Individual Rules and Practices, which limit "memoranda of law in support of and in opposition to motions . . . to 25 pages" "[u]nless prior permission has been granted." https://www.nyed.uscourts.gov/pub/rules/PKC-MLR.pdf. While the Court will consider the additional pages here, it will not consider pages outside the limit in the future.

Moreover, Plaintiffs make countless objections to Judge Bloom's recitation of the underlying facts. The Court rejects these "clarifications" because they do not affect Judge Bloom's analysis and are not material to her holding. As just one example, Plaintiffs note that *four* officers—not three as the R&R articulated—entered his home and arrested him. (Dkt. 50 at ECF 9.) The number of officers that entered Plaintiff Louis Lilakos's home has no bearing on any of Plaintiffs' claims.

4

this case. (Dkt. 50 at ECF 5; *see also id.* at ECF 15, 16, 24, 25, 32 (arguments regarding OPPN documents).)[3] According to Plaintiffs, these documents "conclusively prove[]" the merits of their case. (Dkt. 50 at ECF 5.)[4] Plaintiffs thus ask the Court to reconsider Judge Bloom's R&R in light of them. (*Id.* at ECF 8.) This argument lacks merit. Not only do Plaintiffs fail to explain why Defendants were obligated to provide these documents prior to a motion to dismiss, but the documents were also publicly available at all times on the City of New York's website. (*Id.* at ECF 5, 7.) These documents were conceivably available when Plaintiffs argued in front of Judge Bloom, and therefore cannot serve as the basis for an objection to Judge Bloom's R&R. *Illis*, 2009 WL 2730870, at *1 (citations and quotations omitted) (collecting cases).[5]

B. **Judicial Notice**

Plaintiffs also argue that Judge Bloom incorrectly considered certain State court and Article 78 decisions as "incorporated by reference," based on Plaintiffs' citation to the pleadings from these proceedings in the Amended Complaint. (Dkt. 50 at ECF 12.) Reviewing Judge Bloom's decision *de novo*, the Court finds her judicial notice analysis proper. First, Plaintiffs cited the

---

[3] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the documents internal pagination.

[4] Plaintiffs, who are acting *pro se*, do not seem to understand that their ability to ultimately prove their case is not relevant at this stage of the proceedings nor was it relevant to Judge Bloom's decision on Defendants' motion to dismiss. For purposes of a motion to dismiss, the reviewing court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Thus, the issue of whether there was evidence that Defendants should have turned over to Plaintiffs because it will help them prove their case is completely irrelevant to this Court's review of Judge Bloom's decision on the motion to dismiss.

[5] In any event, considering the documents under a *de novo* review standard, Plaintiffs fail to articulate how these two documents—dated as far back as *1991* and *1993*—governed any policy in place in 2013, the year of the alleged events. Moreover, even if the policies are still applicable, the Court does not find them relevant to Defendants' motion to dismiss, for the reasons discussed earlier.

5

underlying pleadings in the Amended Complaint, which necessarily include any resulting decisions from those pleadings. And second, even if Plaintiffs' argument is correct, the Court can still take judicial notice of them because "federal courts are empowered to take judicial notice of state court records and decisions." *Toliver v. City of New York*, 10 Civ. 3165, 2011 WL 4964919, at *3 (S.D.N.Y. Sept. 15, 2011) (*citing United States v. Miller*, 626 F.3d 682, 687 n.3 (2d Cir. 2010), *report and recommendation adopted*, 2011 WL 4964665 (S.D.N.Y. Oct. 18, 2011). Thus, consideration of the March and October 2014 State court decisions and the Article 78 proceeding is entirely proper.

C. **Section 1983 Claims**

Plaintiffs also incorrectly argue that Judge Bloom erred in recommending dismissal of their Section 1983 claims against the City of New York (the "City"). In opposing the motion to dismiss the City, Plaintiffs argued that the DOB's requirement that homeowners certify to the correction of code violations before a vacate order could be revoked or to stop the daily accrual of penalties forced the homeowners to admit to code violations that they disagreed with (and thus commit perjury), in violation of their constitutional rights. (Dkt. 47 at ECF 11.) Rejecting this argument, Judge Bloom found that Plaintiffs had not plausibly stated a claim "for an officially-adopted custom, policy, or practice that caused the violation of their constitutional rights" because Plaintiffs' allegation that the Certificate of Correction required Plaintiffs to admit a violation was contradicted by the form itself, which is publicly available on the City of New York's website. (*Id.* at ECF 11-12.) As Judge Bloom noted, the form only requires a homeowner to certify that the code violations have been corrected—in order to stop the daily penalties—but leaves open the option for the homeowner to "dispute the existence of the violations at a subsequent hearing." (*Id.* at ECF 12 (citing Certificate of Correction and *Tufamerica, Inc. v. Diamond*, 968 F. Supp. 2d 588,

6

592 (S.D.N.Y. 2013) ("'If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control[s], and the court need not accept the allegations in the complaint as true.'") (citation omitted)).) Though the form allows for the homeowner to admit to violations, it does not require it, and expressly advises the homeowner that he should only admit if he seeks to avoid a hearing on the violations and simply pay a fine. *See* https://www1.nyc.gov/assets/buildings/pdf/AEU2%20Instructions.pdf ("If you do not wish to admit the charge(s), you must appear at your scheduled hearing to present your defense."). Thus, as Louis Lilakos was informed by the form and by the ECB Appeals hearing officer, while certification to the corrections was necessary in order to have the vacate order lifted, admission to the violations themselves was not.[6]

In their objections, Plaintiffs argue that, in reaching this conclusion, Judge Bloom should not have relied upon the publicly available version of the Certificate of Correction because it is "plausible that the OSE could have demanded that the Plaintiffs use the form in a manner that is consistent with Plaintiffs' allegations" and "the current online version of the form is different and cannot be assumed to be the form used by OSE to demand certifications of the Plaintiffs." (Dkt. 50 at ECF 14.) This objection, however, is based on pure speculation; indeed, the Amended Complaint does not allege that by signing the Certificate of Correction, Louis Lilakos would have lost his right to challenge the underlying violations. (Dkt. 24 ("Am. Compl.") ¶¶ 240-41.)[7] Thus,

---

[6] Perhaps not understanding that he could still contest the violations if he made, and certified to making, the corrections, Louis Lilakos refused to do so, and consequently, the vacate order remained in place. (Am. Compl. ¶¶ 240-41.)

[7] Rather, the Amended Complaint suggests that Louis Lilakos refused to sign the Certificate of Corrections because he believed the procedure to be unconstitutional. (Am. Compl. ¶ 240 (alleging that "[o]n September 30th, 2013, [the ECB appeals board hearing officer] responded to Louis'[s] repeated requests to rescind the vacate order by informing him that the DOB violations 'underlying' the vacate order should be certified corrected before the vacate order

7

reviewing this issue *de novo*, the Court concurs with Judge Bloom's findings on this issue, and concludes that Plaintiffs have failed to sufficiently allege a constitutional violation by the City based on its policies and practices with respect to the Certificate of Correction. The Court, therefore, rejects Plaintiffs' objection to Judge Bloom's recommended dismissal of the Section 1983 claim against the City.

### D. Property Interest

Plaintiffs' objection regarding Judge Bloom's finding that Tiffany Lilakos and Nick Pritzakis lack a cognizable property interest because they were Louis Lilakos's family and/or guests is also unavailing. (Dkt. 50 at ECF 21.) Rather than provide legal support to the contrary, Plaintiffs ask for a "hearing" to present "evidence." (Dkt. 50 at ECF 22.) The issue, however, is not whether there is evidence to support Judge Bloom's finding, but whether Plaintiffs' Amended Complaint contains sufficient allegations to support a finding that Tiffany Lilakos and Nick Pritzakis possessed a property interest in Louis Lilakos's home (the "Property"). It does not. Aside from conclusory allegations, which refer to the Property as "Tiffany's apartment" and "home," Plaintiffs' Amended Complaint is devoid of any factual allegations that would allow the Court to find that Tiffany Lilakos and Nick Pritzakis had any legally recognizable property interest in that house. *See Pelt v. City of N.Y.*, 11-CV-5633, 2013 WL 4647500 (E.D.N.Y. Aug. 28, 2013) (holding that "licensee"—*i.e.*, an individual who occupies a property by express or implied permission of the owner—lacked a cognizable property interest for purposes of a due process claim).[8] Based on a *de novo* review, the Court agrees with Judge Bloom's conclusion that Tiffany

---

is lifted. This practice is unconstitutional.").

[8] Plaintiffs' attempt to distinguish the facts of *Pelt* is unpersuasive. In *Pelt*, the Court found that "licensees" do not acquire a property interest in the property at which they stay. 2013 WL 4647500, at *8. Given that the Amended Complaint alleges nothing more than that Tiffany Lilakos

8

Lilakos and Nick Pritzakis have failed to sufficiently allege a cognizable property interest for purposes of establishing standing to assert a Section 1983 due process claim. Thus, Plaintiffs' objection on this issue is rejected.

### E. Other Arguments Made Below

In addition to these specific objections, Plaintiffs also make many other arguments that were all made to Judge Bloom.[9] To the extent Judge Bloom did not directly address these arguments, the Court views them as having been implicitly rejected by her. Given that Plaintiffs' objections, which merely recite—with cosmetic variation, at best—the same arguments made to Judge Bloom, the Court reviews these objections for "clear error," *O'Diah*, 2011 WL 933846, at *1, and finds none.[10]

---

and Nick Pritzakis stayed at Louis Lilakos's house, this case is clearly analogous to *Pelt*. Being a licensee with respect to property is akin in all ways to the permission given by Louis Lilakos to Tiffany Lilakos and Nick Pritzakis to live at Louis Lilakos' house, except that the latter may not have been reduced to a formal writing. Thus, the holding *Pelt*, finding that the licensee-plaintiffs had no cognizable property interest, is applicable here.

[9] *See* Dkt 50 at ECF 16 ("The ease at which the commissioner signed off on such a vacate order coupled with the New York City legal team's support of that vacate order's issuance evidence an entrenched custom that is directly attributed to the damages inflicted upon Plaintiffs."), 17 ("A second practice alleged in the complaint that is not covered in the [Magistrate Judge Bloom Report ("MJBR")] concerns politically promoted city agencies, such as the fairly recently established OSE . . . engaging in ex-parte communications with adjudicating bodies, such as the ECB, to influence the outcome of decisions."), 17 ("A third . . . practice overlooked by the MJBR was the manner in which the issuers of the vacate order prescribed solutions."), 18 ("An additional . . . practice overlooked by the MJBR is that of New York City agencies using a vacate order to deprive persons of their property without the required elements of due process, including but not limited to notice, hearing, and an impartial tribunal."), 19 ("Another practice occurs where the DOB writes nonsensical violations knowing that the purportedly unbiased ECB tribunal will work hand-in-hand with the DOB to insure that a grueling appeal occurs."), 20 ("The Amended Complaint . . . directly alleges a practice on the part of ECB Administrative Law Judges that misleads homeowners."), 25 ("[i]nasmuch as the vacate order was based on imminently perilous conditions, it was a planned government activity that should require a pre-deprivation hearing before the vacate order is issued").)

[10] To the extent the Court fails to directly address a specific argument by Plaintiffs, the Court has found the objection immaterial to Judge Bloom's findings and conclusions. (*See, e.g.*,

## II. DEFENDANTS' OBJECTIONS[11]

### A. Property Interest

Defendants argue in a footnote in their objections that Judge Bloom erroneously found that Louis Lilakos had a property interest in the Property, because "Louis Lilakos cannot be said to have a property interest in occupying the Property after the issuance of a vacate order that was found to be property after an administrative appeal." (Dkt. 51 at ECF 18-19 n.3.) Based on a *de novo* review, the Court disagrees. As Judge Bloom discussed, Louis Lilakos alleged in the Amended Complaint that he was the owner of the property at issue when the events occurred. The mere existence of a vacate order, which Plaintiffs still insist was erroneous, does not necessarily disrupt the finding of a property interest. *See Ahmed v. Town of Oyster Bay*, 7 F. Supp. 3d 245, 257 (E.D.N.Y. 2014) ("[A]t the motion to dismiss stage, the Court must accept the allegations of the complaint as true, and here plaintiffs have asserted in great detail that there were no code violations that would warrant the shutting down of the store. Those allegations, at this stage, are sufficient to state a property interest for purposes of a substantive due process claim."). Defendants fail to cite any legal support to the contrary. The Court accordingly rejects Defendants' objection and adopts Judge Bloom's finding.

---

Dkt. 50 at ECF 13 ("Plaintiffs asserted that it was the OSE and not the DOB that added the requirement of certifying correction of DOB violations[.]").) Also, as discussed above, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections[.]" *LaBarbera*, 588 F. Supp. 2d at 344 (quotations and citations omitted).

[11] The bulk of Defendants' objections are devoted to repeating arguments they made below—often verbatim. (*Compare* Dkt. 51 at ECF 14-15 *with* Dkt. 42 at ECF 16-18; Dkt. 51 at ECF 15-17 *with* Dkt. 42 at ECF 21-23; Dkt. 51 at ECF 18-20 *with* Dkt. 42 at ECF 20-21; Dkt. 51 at ECF 23-24 *with* Dkt. 42 at ECF 19-22; Dkt. 51 at ECF 28-29 *with* Dkt. 41 at ECF 32-33; Dkt. 51 at ECF 29-30 *with* Dkt. 42 at ECF 24-25.) Reviewing these objections for "clear error," *O'Diah*, 2011 WL 933846, at *1, the Court finds no error, let alone clear error.

### B. Substantive Due Process

The Court also rejects, based on a *de novo* review, Defendants' objection to Judge Bloom's finding that Plaintiff Louis Lilakos properly pleaded a substantive due process claim. (Dkt. 51 at ECF 21.) He alleges that his substantive due process rights were violated because "he and the other permanent residents were not given the option to exclude transient occupants from the Property in order to be allowed to return to the Property." (Dkt. 47 at ECF 19.) Judge Bloom found this sufficient to state a substantive due process claim. (*Id.*) Defendants' objection that had Plaintiff Louis Lilakos cured the alleged unlawful conditions, it "likely [would] have led to a recession of the vacate order," is based on speculation, which, although might prove to be true, is irrelevant to resolving a motion to dismiss. Rather, the only determination to be made at this stage is whether Plaintiffs' allegations are sufficient to state a substantive due process claim *at this time*. (Dkt. 51 at ECF 21.) Regarding this issue, the Court agrees with Judge Bloom that, based on the facts alleged in the Amended Complaint, it can be reasonably inferred that there was no reason for Plaintiff Louis Lilakos not being afforded the "opportunity to reoccupy the Property as a two-family dwelling instead of requiring [him] to conform the Property to building codes for transient use." (Dkt. 47 at ECF 19.) Thus, the Court rejects Defendants' objection and finds that Plaintiff Louis Lilakos sufficiently alleges a substantive due process claim.

### C. Equal Protection

Defendants next challenge Judge Bloom's use of comparators for the purposes of Plaintiff Louis Lilakos's class-of-one Equal Protection claim. (Dkt. 51 at ECF 22.) Under a *de novo* review, the Court adopts Judge Bloom's findings to the extent Plaintiff Louis Lilakos's class-of-one Equal Protection claim proceeds, but allows him thirty (30) days to amend his complaint to

add additional allegations with respect to the similarities between himself and his comparators—*i.e.*, Louis Lilakos's brother and other homes in the neighborhood.[12]

"Class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Ruston*, 610 F.3d at 59 (citation and quotation marks omitted).

> Accordingly, to succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.

*Id.* at 60 (citation and quotation marks omitted).

Courts have therefore dismissed class-of-one claims that do not contain sufficient detail as to the "degree of similarity" between the plaintiff and the alleged comparator. *See, e.g.*, *Contiguous Towing, Inc. v. State*, 14-CV-4919, 2016 WL 4384718, at *5 (E.D.N.Y. Aug. 15, 2016) (dismissing class-of-one claim where plaintiff alleged that competitor did not have contract terminated despite consumer complaints, but provided "no details . . . about the nature" of the complaints). Here, Plaintiff Louis Lilakos's brother and other houses in the neighborhood may serve as sufficient comparators, but to survive a motion to dismiss, Plaintiffs need to allege more details regarding their alleged

---

[12] Although Judge Bloom's R&R cited the correct legal standard for class-of-one claims, in finding Plaintiffs' comparator allegations sufficient, the R&R cited *DePietro v. City of New York*, 09-CV-932, 2010 WL 449096 (E.D.N.Y. Feb. 2, 2010). *DePietro*, however, relied on the Second Circuit's decision in *DeMuria v. Hawkes*, 328 F.3d 704 (2d Cir. 2003), a case that was superseded by the Supreme Court's holding in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("We hold that the pleading standard set out in *Iqbal* supersedes the 'general allegation' deemed sufficient in *DeMuria*, 328 F.3d at 707.") Thus, it is not clear that the comparator allegations found sufficient in *DePietro* would meet the post-*Iqbal* pleading standard.

similarities for the Court to conclude that there is "an extremely high degree of similarity" between them. *Ruston*, 610 F.3d at 59 (citation and quotation marks omitted).

### D. Excessive Force

Defendants also ask the Court to reject Judge Bloom's finding that Plaintiffs adequately pleaded an excessive force claim. (Dkt. 51 at ECF 24-26.) Under a *de novo* review, the Court disagrees. In Plaintiffs' Amended Complaint, they allege that when Louis Lilakos was arrested on July 18, 2013, the police screamed at him to not "[expletive] move," "turn the [expletive] around," and "get on your [expletive] knees." (Dkt. 24 ¶ 135.) Louis Lilakos further alleges that "[w]hen he told them he had a cramp in his leg . . . one cop threatened to hurt [him] with his gun if he didn't stay on his knees." (*Id.*) The Court agrees with Judge Bloom that "it is possible that verbal threats, combined with the brandishing of the weapon, could be unreasonable and therefore constitute excessive force." *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 296 (S.D.N.Y. 2015). Thus, although Plaintiffs' excessive force claim may ultimately fail, it survives a motion to dismiss. Plaintiff Louis Lilakos has thirty (30) days from the date of this Order to amend his Amended Complaint to name the officers involved.[13]

### E. Malicious Prosecution

Lastly, Defendants take issue with Judge Bloom's finding that Plaintiff Louis Lilakos has sufficiently alleged a malicious prosecution claim.[14] Without offering either detailed argument or legal support, Defendants broadly assert that "the complaint does not meet all of the other criteria"

---

[13] The Court acknowledges that Plaintiffs' excessive force claim is not strong and that there is case law to the contrary. (*See* Dkt. 51 at ECF 16-18.) However, in light of Plaintiffs' *pro se* status and the stage of this litigation, the Court is allowing this claim to proceed.

[14] Notably, Judge Bloom dismissed the malicious prosecution claim as to Plaintiffs Tiffany Lilakos and Nick Pritzakis based on their inability to show a Fourth Amendment violation due to their lack of a protected property interest. (Dkt. 47 at ECF 24-25.)

for a malicious prosecution claim, aside from Louis Lilakos possibly having a property interest. (Dkt. 51 at ECF 27.)[15] The only specific challenge Defendants raise is to Judge Bloom's probable cause determination, arguing that the administrative overturning of one of five notices of violation ("NOV") "does not lead to a plausible claim that the NOV was issued without probable cause." (*Id.* at ECF 27-28.) Defendants could have, but failed to, make this argument to Judge Bloom, and they, therefore, are not entitled to have it considered now. (Dkt. 47 at ECF 23 ("Defendants make no specific argument challenging the sufficiency of Plaintiffs' malicious prosecution allegations.").); *Illis*, 2009 WL 2730870, at *1.[16] Thus, the Court rejects Defendants' objections regarding Plaintiff's malicious prosecution claim.[17]

## CONCLUSION

Accordingly, for the reasons set forth above, the Court adopts, in its entirety, the R&R, which recommends granting, in part, and denying, in part, Defendants' Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Accordingly, Plaintiffs' State-law claims will proceed, as will Plaintiff Louis Lilakos's due process, excessive force, and malicious prosecution claims. Moreover, Plaintiff Louis Lilakos has thirty (30) days from the date of this Memorandum and Order to amend the Amended Complaint to name the officers allegedly involved in his excessive force claim and supplement his equal protection class-of-one allegations.

---

[15] To the extent Defendants' objection is that Judge Bloom failed to determine whether Plaintiffs have sufficiently alleged every element of a malicious prosecution claim, the Court rejects that argument, finding that it is demonstrably incorrect. (*See* Dkt. 47 at 23-25.)

[16] In any event, Defendants have not provided any legal support for their position and the Court has found none.

[17] As to all other aspects of the R&R to which Defendants and Plaintiffs did not specifically object, the Court has reviewed Judge Bloom's thorough and well-reasoned R&R and finds no error, clear or otherwise.

If after amendment, Defendants deem Plaintiff Louis Lilakos's class-of-one allegations insufficient, they shall file a letter in accordance with the Court's Individual Rules and Practices, requesting a pre-motion conference in anticipation of a motion to dismiss.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 30, 2016
      Brooklyn, New York