UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LOUIS LILAKOS, NICK PRITZAKIS,
TIFFANY LILAKOS,

                Plaintiffs,

        - against -
                                                     **MEMORANDUM & ORDER**
NEW YORK CITY, VLADIMIR PUGACH,          14-CV-05288 (PKC) (LB)
NYPD SERGEANT ARTHUR LEVINE,
NYPD OFFICER JOSEPH GIGLIO, FIRE
DEPT. INSPECTOR ERVIN SANTIAGO,
KATHLEEN MCGEE, NYC MAYOR'S
OFFICE OF SPECIAL ENFORCEMENT,
NYC DEPARTMENT OF BUILDINGS,
DEREK LEE, ENVIRONMENTAL
CONTROL BOARD,

                Defendants.
----------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

On September 30, 2016, this Court issued a Memorandum and Order (the "M&O") adopting the Honorable Lois Bloom's January 21, 2016 Report and Recommendations (the "R&R"), which recommended granting, in part, and denying, in part, Defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Dkt. 55.) Both parties now move for reconsideration. For the reasons set forth below, the parties' motions are denied.

# DISCUSSION[1]

## I. PLAINTIFFS' MOTION

Local Rule 6.3 provides that motions for reconsideration must be served within fourteen days after the entry of a court order. E.D.N.Y. Local Civ. R. 6.3. "A party's failure to make a motion for reconsideration in a timely manner is by itself a sufficient basis for denial of the motion." *Grand River Enters. Six Nations, Ltd. v. King*, 02 Civ. 5068, 2009 WL 1739893, at *1 (S.D.N.Y. June 16, 2009). A plaintiff's "pro se status does not insulate him [or her] from complying with the relevant procedural rules." *Gibson v. Wise*, 331 F. Supp. 2d 168, 169 (E.D.N.Y. 2004).

Here, the M&O was issued and mailed to Plaintiffs on September 30, 2016. Plaintiffs' motion for reconsideration is dated October 26, 2016, well outside the fourteen-day period. For this reason alone, Plaintiffs' motion should be denied. However, there is authority in this Circuit for treating untimely motions for reconsideration as a motion for relief from a judgment or order pursuant to Rule 60(b). *Manney v. Intergroove Tontrager Vertriebs GMBH*, 10-CV-4493, 2012 WL 4483092, at *1 (E.D.N.Y. Sept. 28, 2012); *see also Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (treating untimely Rule 59 motion as a Rule 60 motion). "Rule 60(b) permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or for other reason that justifies relief." *Dziennik v. Sealift, Inc.*, 04-CV-1244, 2015 WL 1469323, at *2 (E.D.N.Y. Mar. 30, 2015).

"A motion for reconsideration under Rule 60(b) is addressed to the 'sound discretion of the district court and . . . [is] generally granted only upon a showing of exceptional

---

[1] The Court presumes the parties' familiarity with the underlying facts of this action as they have been set forth in great detail in this Court's M&O and Judge Bloom's R&R. Accordingly, only the facts necessary for the decisions on the parties' motions are discussed herein.

circumstances.'" *Louis v. Bezio*, 11-CV-1409, 2015 WL 4872542, at *1 (E.D.N.Y. Aug. 12, 2015) (quoting *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990)) (alteration in original). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (citation and internal quotation marks omitted); *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (reconsideration motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved"). Thus, a motion for reconsideration "should not be used as a vehicle simply to voice disagreement with the Court's decision[.]" *Premium Sports Inc. v. Connell*, 10-CV-3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (citation and internal quotation marks omitted).

Even construing Plaintiffs' untimely Local Rule 6.3 motion as a timely Rule 60(b) motion, it still must be denied. Plaintiffs fail to identify any "mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or . . . other reason that justifies relief" under Rule 60. *Dziennik*, 2015 WL 1469323, at *2. Notably, the vast majority of Plaintiffs' motion is devoted to purported errors made by Judge Bloom in her R&R, rather than deficiencies in this Court's M&O adopting Judge Bloom's findings. (*See, e.g.*, Dkt. 57-1 at ECF 7 ("[Magistrate Judge Bloom's Report and Recommendation ("MJBR")] page 4 states . . . [t]his is clearly wrong"), ECF 9 ("The MJBR erroneously asserts"), ECF 10 ("On page 17, the MJBR states"), ECF 11 ("Because the MJBR considers . . . plaintiffs should be permitted to amend"), ECF 11 ("Contrary to this MJBR finding"), ECF 12 ("Contrary to the MJBR's claim").)[2] In other words, Plaintiffs simply seek to re-argue the issues that were resolved by Judge Bloom and that Plaintiffs already

---

[2] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the documents internal pagination.

3

had the opportunity to contest through their objections to the R&R.[3] To the extent Plaintiffs failed to object to portions of the R&R in the first instance, a motion for reconsideration cannot be used to "mak[e] new arguments that could have previously been made." *Premium*, 2012 WL 2878085. In any event, the Court has reviewed the entirety of Plaintiffs' submissions and finds that none of their arguments demonstrate the "exceptional circumstances" required to succeed on a Rule 60(b) motion. Accordingly, Plaintiffs' motion for reconsideration of *this Court's M&O* is denied.[4]

## II. DEFENDANTS' MOTION

Unlike Plaintiffs' motion, Defendants' motion for reconsideration was timely filed. (Dkt. 56.) Motions for reconsideration are "entrusted to the discretion of the court." *Darnley v. Ameriquest Mortg. Co.*, 06-CV-4265, 2010 WL 1037971, at *1 (E.D.N.Y. Mar. 17, 2010) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)). The grounds for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 728 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). "The standard for granting [a reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be

---

[3] Plaintiffs' request the Court's M&O be modified based on the "argument set forth [in the reconsideration motion] and *all briefs submitted previously*" is a tacit concession that the arguments contained in Plaintiffs' motion are largely reiterations and permutations of arguments previously made. (Dkt. 57-1 at ECF 4-5.)

[4] Plaintiffs also request that they be permitted to add Christopher Lilakos as an additional plaintiff because he is now 18 years old. (Dkt. 57-1 at ECF 5.) The Court permits this amendment to the extent the allegations and claims made in the Complaint on behalf of Christopher Lilakos have not been previously been dismissed.

4

expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "In addition, the moving party must demonstrate that the factual matters or controlling precedent overlooked by the court were presented to it on the underlying motion." *Darnley*, 2010 WL 1037971, at *1 (citation and internal quotation marks omitted). The Court addresses Defendants' arguments in turn.

Defendants first ask the Court to clarify whether Plaintiffs' procedural and substantive due process claims proceed against the six individually named Defendants ("Individual Defendants"). (Dkt. 56-1 at ECF 8.) To clarify, the Court permits the claims to proceed against the City *and* the six Individual Defendants. If, after filing an answer or completing discovery, Defendants still contend that the Individual Defendants were not involved in the underlying acts that form the bases of Plaintiffs' due process claims, then Defendants may move for judgment on the pleadings or summary judgment at that time.[5]

Defendants' next argument takes no issue with the Court's M&O, but rather asks the Court to forgive Defendants' "counsel's oversight" for not raising an argument before Judge Bloom and reconsider whether Plaintiffs' malicious prosecution should be dismissed. (Dkt. 56-1 at ECF 12.) The Court declines to do so. In the M&O, the Court made clear that its decision on Plaintiffs' malicious prosecution claim rested not only on Defendants' failure to raise their arguments before Judge Bloom, but also because Defendants failed to provide "any legal support for their position." (Dkt. 55 at ECF 14 n.16.) In any event, "a party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the

---

[5] Defendants' contention that they "did not have the opportunity to address" this argument below "[b]ecause [they] did not initially construe Lilakos's procedural due process [or substantive due process claim] in this manner," is contradicted by the fact that they could have raised the issue in their objections to Judge Bloom's R&R, especially given that the bulk of their argument here cites to Judge Bloom's R&R, not this Court's M&O. (Dkt. 56-1 at ECF 9.)

underlying issue was being briefed but chose not to do so." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005). As Defendants acknowledge, they could have made this argument below, but did not. Therefore, it is improper to raise this argument on a motion for reconsideration and it must be rejected. *Levin v. Gallery 63 Antiques Corp.*, 04-CV-1504, 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) (rejecting argument that court should consider deposition testimony on a motion for reconsideration, which was "inadvertently omitted" from the briefing below).

Lastly, Defendants yet again "request[] that the Court resolve the qualified immunity defense of the six Individual Defendants sued in their personal capacities[.]" (Dkt. 56-1 at ECF 19.)[6] Rather than articulate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel*, 728 F.3d at 104, Defendants mostly reargue their qualified immunity assertions from below. Accordingly, Defendants are merely using their reconsideration motion "as a vehicle simply to voice disagreement with the Court's decision," which is wholly improper and must be rejected. *Premium*, 2012 WL 2878085, at *1. As explained in the Court's M&O, the Court found no clear error in the R&R's conclusion that it was premature to address Defendants' qualified immunity defense, and Defendants have presented no reason to reconsider that conclusion.

## CONCLUSION

For the reasons set forth above, the Court denies both parties' motions for reconsideration. Plaintiff Louis Lilakos has thirty (30) days from the date of this Order to file an Amended Complaint that names the officers allegedly involved in his excessive force claim,

---

[6] Defendants also request that the Court permit limited discovery on the qualified immunity issue. (Dkt. 56-1 at ECF 19.) Such a request is improper on a motion for reconsideration. If Defendants wish to conduct limited discovery on the issue of qualified immunity, they should raise the issue with Judge Bloom at their next discovery conference.

supplements his equal protection class-of-one allegations, and adds Christopher Lilakos as a plaintiff, to the extent he is asserting claims that have not previously been dismissed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 15, 2016
      Brooklyn, New York