UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LOUIS LILAKOS AND CHRISTOPHER
LILAKOS,

                Plaintiffs,                        **MEMORANDUM & ORDER**
                                                      14-CV-5288 (PKC) (LB)
      - against -

NEW YORK CITY; VLADIMIR PUGACH, in
his Individual capacity; ARTHUR LEVINE, a
police officer assigned to the Office of Special
Enforcement, in his individual and official
capacity; JOSEPH GIGLIO, a police officer
assigned to the Office of Special Enforcement,
in his individual and official capacity; ERVIN
SANTIAGO, a fire inspector assigned to the
Office of Special Enforcement, in his individual
and official capacity; KATHLEEN MCGEE,
former director of the Office of Special
Enforcement, in her individual and official
capacity; DEREK LEE, commissioner of the
Department of Buildings, in his individual and
official capacity; JOHN DOE 1, NYPD officer
assigned to the 108 Precinct, in his individual
and official capacity; JOHN DOE 2, NYPD
officer assigned to the 108 Precinct, in his
individual and official capacity; JOHN DOE 3,
NYPD officer assigned to the 108 Precinct, in
his individual and official capacity; JOHN DOE
4, NYPD officer assigned to the 108 Precinct,
in his individual and official capacity,

                Defendants.
------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Plaintiffs Louis Lilakos and Christopher Lilakos, appearing *pro se*, bring this action, pursuant to 42 U.S.C. § 1983 ("Section 1983") and New York law, alleging that Defendants New York City, New York City Department of Buildings ("DOB") Inspector Vladimir Pugach ("Pugach"), New York City Police Department ("NYPD") Sergeant Arthur Levine ("Levine"),

1

NYPD Officer Joseph Giglio ("Giglio"), New York City Fire Department ("FDNY") Inspector Ervin Santiago ("Santiago"), Former Director of the New York City's Mayor's Office of Special Enforcement ("OSE") Kathleen McGee ("McGee"), and DOB Commissioner for the Borough of Queens Derek Lee ("Lee") (collectively, "Defendants") violated Plaintiffs' Fourth and Fourteenth Amendment rights by issuing and upholding an order requiring them to vacate their home (the "Subject Premises"). On June 12, 2017, Defendants filed a motion to dismiss the complaint in part. (Defs. Mot. to Dismiss, Dkt. 80.) This matter was referred to the Honorable Lois Bloom, United States Magistrate Judge, for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(d). In the Report and Recommendation, issued October 25, 2017, Judge Bloom recommends that the Court grant Defendants' motion for partial dismissal. (Report & Recommendation ("R&R"), Dkt. 117, at 15-16.) On November 27, 2017, Plaintiffs filed objections to Judge Bloom's R&R. (Plaintiffs' Objections to R&R ("Pls. Objs."), Dkt. 119.) Finding no merit to Plaintiffs' objections and no error in Judge Bloom's decision, the Court adopts the R&R in its entirety. For the reasons stated herein, Defendants' motion for partial dismissal is granted.

I. **Standard of Review**

When a party objects to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *Tyk v. Surat*, 13-CV-1532, 2015 WL 13214925, at *1 (E.D.N.Y. July 23, 2015) ("Any portion of a [magistrate judge's] report and recommendation on dispositive matters, to which a timely, specific objection has been made, is reviewed de novo [by the district court]." (citing Fed. R. Civ. P. 72(b))). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments

presented to the magistrate judge, are reviewed for clear error." *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (citation and internal quotation marks omitted). Objections are not to be used by a party "rehash the same arguments set forth in the original [papers]." *Frankel v. N.Y.C.*, 06-CV-5450, 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009) (citation omitted). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *see also McFarlane v. Martuscello*, 13-CV-6556, 2016 WL 4991532, at *1 (E.D.N.Y. Sept. 16, 2016) (quoting 28 U.S.C. § 636(b)(1)).

## II. Analysis

The Court has reviewed the Second Amended Complaint ("SAC"), the parties' respective submissions relating to Defendants' motion to dismiss, and Judge Bloom's well-reasoned and thorough R&R. Plaintiffs raise twelve objections to Judge Bloom's R&R. In the interests of efficiency, the Court will address these objections in related groups.

### A. Plaintiffs' Objections to the R&R's "Class of One" Analysis

Objections 1, 2, 4, 5, 6, 7, 8, 9, 10, and 11 concern Judge Bloom's treatment of Plaintiffs' "class of one" equal protection claim. (Pls. Objs., 2-7, 8-9.) To state a "class of one" equal protection claim, a plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech* ("*Olech*"), 528 U.S. 562, 564 (2000). Specifically, the plaintiff must show that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are

3

sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Prestopnik v. Whelan*, 249 F. App'x 210, 212–13 (2d Cir. 2007). The government's differential treatment must be both intentional and irrational. *Siao–Pao v. Connolly*, 564 F. Supp. 2d 232, 245 (S.D.N.Y. 2008).

1. Objection 1

In Objection 1, Plaintiffs object to the R&R's conclusion that "the SAC does not make out a class-of-one claim for any of several City defendants' enforcement activities." (Pls. Objs., at 2.) The Court, however, agrees with Judge Bloom that the comparator properties listed by Plaintiffs in the SAC are not "similarly situated in all material respects," so as to state a class-of-one claim. (R&R, at 13 (quotation omitted).) There is no dispute that Plaintiffs' property "was openly advertised as available for hosting guests on Airbnb" (R&R, at 13 n.19), contained two sets of bunk beds in at least one room and key locks on internal doors (*id.*, at 13 n.20), housed eight or nine individuals "on a transient basis" (*id.*, at 13 n.21 (citing *NYC v. Lilakos*, Appeal No. 1301027; SAC ¶ 196)), had complaints filed against it (*id.* at 13 n.22), and lacked "the requisite fire alarm system, sprinkler system, and number of means of egress" (*id.*, at 13 n.23 (quoting *Lilakos v. Envtl. Control Bd.*, 148 A.D.3d 893 (N.Y. App. Div. 2017)). Thus, in order to sustain a "class of one" claim, the SAC needed to allege facts from which to plausibly infer that Defendants had engaged in discriminatory enforcement against Plaintiffs relative to other two-family properties in the area that had: (1) "openly advertised" online as accommodating numerous visitors at once in "dorm style rooms"; (2) "multiple bunk beds on the first and second floors and in the basement, with key locks on internal doors"; (3) "at least nine transient guests identified during inspection"; (4) complaints filed against the property; and (5) lacked "the required means of egress and other fire safety protection required for such transient occupancy." (R&R, at 13.) As Judge Bloom correctly

4

found, because the SAC failed to do so, Plaintiffs' class-of-one claim must be dismissed. (*Id.* at 14.)

2. Objection 4

In Objection 4, Plaintiffs raise a general objection that the five traits discussed above are "immaterial factors" in assessing whether Plaintiffs have alleged similarly situated properties. (Pls. Objs, at 4.) This is incorrect. Because these are the features of the Subject Premises, they are material in defining appropriate comparators. *T.S. Haulers, Inc. v. Town of Riverhead*, 190 F. Supp. 2d 455, 463 (E.D.N.Y. 2002) ("The test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated. . . . Exact correlation is neither likely nor necessary, but the cases must be fair congeners."). While these traits are highly specific, Plaintiffs must show this level of specificity to sustain their "class-of-one" claim. *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006) (noting that "class of one" plaintiffs must show "an extremely high degree of similarity between themselves and the persons to whom they compare themselves"); *New Page at 63 Main, LLC v. Inc. Vill. Of Sag Harbor*, 674 F. App'x 23, 27 (2d. Cir. 2016) (dismissing plaintiffs' class-of-one claim regarding an outdoor seating license where, even though plaintiff "refer[red] to other restaurants with outdoor seating," plaintiff failed to make "allegations about other restaurants exceeding maximum occupancy loads or disputing occupancy limits"). As Judge Bloom correctly found, Plaintiffs have not shown this high level of specificity to sustain their "class of one" claim.

3. Objections 2 and 6

Relatedly, Plaintiffs argue in Objections 2 and 6 that Judge Bloom should not have considered advertising and bunk-beds as factors in determining similarly situated properties. (Pls. Objs., at 3, 6.) The Court disagrees. Plaintiffs' admissions that the Subject Premises were openly

advertised on Airbnb and contained bunk-beds are relevant to the disposition of this matter. Judge Bloom did not err in considering them as factors used for a "class of one" analysis. *Clubside*, 468 F.3d at 159 (there must be an "extremely high degree of similarity" that Plaintiffs must establish between themselves and their comparators to assert a "class of one" claim). Since Plaintiffs have not alleged the existence of any comparators with a "high degree of similarity," Plaintiffs have not met their burden under a "class of one" claim.

    4. <u>Objections 5, 7, and 9</u>

In Objections 5, 7, and 9, Plaintiffs argue that Judge Bloom neglected to consider additional traits to evaluate comparators, including properties with "imminently perilous" conditions (Pls. Objs. at 5-6), whether there was "a vacate order and a violation of that order" (*id.* at 7), and "whether or not permanent residents are found to be present in a two-family home" (*id.* at 8.) The Courts finds Plaintiffs' attempt to redefine the traits by which their comparators are "similarly situated" unpersuasive. *Renato Pistolesi, Alltow, Inc. v. Calabrese*, 666 Fed. App'x. 55, 58 n.2 (2d Cir. 2016) (A "class of one" plaintiff is "required to identify comparators that are 'prima facie identical' in order to 'provide an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose . . . is all but certain.'") (citation and internal quotation marks omitted). Moreover, Judge Bloom already considered the parties' arguments in this regard in choosing to affirm the five "relevant" traits listed above. (R&R, at 13 n. 19.) Plaintiffs' objections here are ones that "merely recite the same arguments presented to the magistrate judge" and are not enough to convince this Court to modify or reject the R&R. *O'Diah v. Mawhir*, 08-CV-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citation omitted).

    5. <u>Objection 11</u>

In Objection 11, Plaintiffs protest that their allegations include "detailed sets of verifiable factual characteristics of alleged comparators" that Judge Bloom did not consider. (Pls. Objs., at 9.) Again, the Court finds that Judge Bloom correctly determined that Plaintiffs did not meet the standards of alleging a "class of one", despite the "verifiable factual characteristics" of alleged comparators. Put simply, Plaintiffs failed to meet the high standard required to sustain a "class of one" claim. *Witt v. Vill. of Mamaroneck*, 12-CV-8778, 2015 WL 1427206, at *5-6 (S.D.N.Y. Mar. 27, 2017) (dismissing plaintiffs' class-of-one claims, even though plaintiffs' amended complaint included more specific allegations, because plaintiffs still could not show similarly situated individuals in all material respects). Thus, there is no error in the R&R regarding the dismissal of Plaintiffs' claim.

6. Objections 8 and 10

Plaintiffs' Objections 8 and 10 relate to Judge Bloom's application of the relevant class-of-one case law. In Objection 8, Plaintiff argues that Judge Bloom incorrectly found that *Olech* supports the conclusion that the other properties identified by Plaintiffs are not viable comparators to the Subject Premises. However, Plaintiffs' interpretation of *Olech* is misguided. In *Olech*, the Supreme Court found that a municipality violated a homeowner's rights by demanding "a 33-foot easement as a condition of connecting her property to the municipal water supply where the Village required only a 15-foot easement from other similarly situated property owners." 528 U.S. at 565. Noting that the municipality "ultimately connected [the plaintiff's] property after receiving a clearly adequate 15-foot easement[,]" the Supreme Court held that the municipality's demand was "irrational and wholly arbitrary" and that the plaintiff had adequately stated a claim for relief under traditional equal protection analysis. *Id.*

As Judge Bloom found, *Olech* is plainly distinguishable from the present case and demonstrates the deficiencies in Plaintiffs' pleading of their class-of-one claims. (R&R, at 12, n.18.) In contrast to *Olech*, Plaintiffs have failed to sufficiently allege that they were discriminated against relative to other similarly situated comparators. Additionally, the SAC contains no allegations from which to infer that Defendants' conduct was "irrational and wholly arbitrary." *Olech*, 538 U.S. at 565. Accordingly, the Court finds no error in Judge Bloom's application or interpretation of *Olech*.

In Objection 10, Plaintiffs argue that it was erroneous for Judge Bloom to rely on cases involving comparators "similar only in material respects." (Pls. Objs., at 9.) Plaintiffs are wrong. As previously discussed, the critical inquiry in determining whether a class-of-one claim has been stated is whether the plaintiff has alleged *materially* similar comparators who received more favorable treatment. *Sundaram v. Brookhaven Nat. Laboratories*, 424 F.2d 545, 579-80 (E.D.N.Y. 2006) (when seeking to make comparisons to similarly situated persons outside the protected class, a plaintiff must demonstrate that the comparators are "similarly situated in all material respects" to plaintiff) (citation omitted). Thus, Judge Bloom's properly relied on case law consistent with this principle in finding the SAC deficient with respect to Plaintiffs' class-of-one claim. Nearly all of the cases Judge Bloom cites support her finding that Plaintiffs were not similarly situated in material respects to the comparators Plaintiffs identified. *See e.g., Gregory v. Inc. Vill. of Ctr. Island*, 14-CV-2889 (JFB), 2016 WL 4033171, at *7 (E.D.N.Y. July 27, 2016) (dismissing plaintiffs "class of one" claim and stating, "although plaintiff [] added some additional allegations in his amended complaint regarding [a comparator's property's zoning applications]" he failed to plead facts showing "virtually identical ·applications submitted by other persons in comparable zoning districts"). Moreover, Plaintiffs' objection is insufficient to challenge the R&R since it is

a "[g]eneral or conclusory objection" that does not show any flaw in Judge Bloom's legal reasoning. *O'Diah*, 2011 WL 933846, at *1.

### B. Other Objections to the R&R

In Objection 3, Plaintiffs argue that the "ECB does not and will not adjudicate vacate orders because it lacks the jurisdiction and has no authority to do so," and Judge Bloom "lists only those facts [she] deems relevant to deciding the City defendants' current motion to dismiss." (Pls. Objs., at 4.) In the R&R, Judge Bloom noted, "The ECB held the hearing [regarding Notices of Violation ("NOVs")] on August 27, 2013. . . . On September 3, 2013, an Administrative Law Judge [('ALJ')] upheld the Vacate Order." (R&R, at 4.) Later, "the Appellate Division upheld the ECB's affirming of the ALJ's finding as 'there was substantial evidence that the property was primarily being used to house multiple transient occupants overnight, . . . [and the] property did not have the requisite fire alarm system, sprinkler system, and number of means of egress[.]'" (*Id.* at 5 (quoting *Lilakos v. Envtl. Control Bd.*, 148 A.D.3d 893 (N.Y. App. Div. 2017) (The ECB's decision "affirming the four notices of violation [was] not arbitrary and capricious[.]")).

This Court finds no error with Judge Bloom's findings. The ECB has jurisdiction to convene hearings about NOVs, including the ones at issue here for illegal transient occupancy, overcrowding, lack of means of egress, and fire alarm and sprinkler requirements.[1] Indeed,

---

[1] The Environmental Control Board is an administrative tribunal that conducts hearings on notices of violation issued by City agencies. N.Y.C. Charter § 1049-a(d) ("The environmental control board shall conduct proceedings for the adjudication of violations of the laws, rules and regulations . . . and shall have the power to render decisions and orders and to impose the civil penalties provided under law for such violations."); *see also* Office of Administrative Trials and Hearings/Environmental Control Board, available at https://www1.nyc.gov/site/buildings/business/environmental-control-board.page (last visited Mar. 5, 2018) ("As a judicial entity, [the ECB] does not issue notices of violation, does not establish enforcement policies, does not employ inspectors or agents, and does not direct, control or otherwise influence where, when or to who notices are issued.").

9

Plaintiffs cite no authority to the contrary. After the administrative adjudication at the ECB, an ALJ upheld all five NOVs issued with respect to the Subject Premises. (SAC, at ¶ 203.) Furthermore, the timing of the ALJ's decision is not material to the disposition of this case and did not factor into Judge Bloom's analysis. Thus, this objection does not provide a basis for rejecting or modifying the R&R.

In Objection 12, Plaintiffs object to the R&R recommending dismissal of Christopher Lilakos's due process claims. Plaintiffs argue that Judge Bloom inappropriately relied on *Pelt v. City of N.Y.*, 11-CV-5633, 2013 WL 4647500, at *9 (E.D.N.Y. Aug. 28, 2013) because "*Pelt* is inapplicable to determine that a minor being raised by his parents has no protected rights to remain in his home with his custodial parent." (Pls. Objs., at 10.) The Court finds that Judge Bloom correctly determined that Plaintiff Christopher's due process claims should be dismissed. Judge Bloom cited *Pelt* for the proposition that "licensees do not have a cognizable property interest." (R&R at 14-15 (citing *Pelt*, 2013 WL 4647500, at *9).) It is immaterial that *Pelt* addresses the "property rights of adults and not children" (Pls. Objs., at 9) because Judge Bloom did not hold that Christopher Lilakos had no right to remain in his home as a minor. (R&R, at 15.) Instead, Judge Bloom determined that he had no cognizable legal interest that can support an allegation of a violation of his constitutional rights because he was neither an owner nor tenant of the Subject Premises on June 13 and 14, 2013. (*Id.*) Judge Bloom's conclusion as to Plaintiff Christopher is consistent with this Court's prior Order that "Tiffany Lilakos and Nick Pritzakis have failed to sufficiently allege a cognizable property interest for purposes of establishing standing to assert a Section 1983 due process claim." (Order Adopting R&R, Dkt. 55, at 8-9.) Accordingly, the Court finds that Judge Bloom did not err in her determination that Christopher Lilakos's due process claims should be dismissed.

## CONCLUSION

Plaintiffs have failed to raise any objection that warrants rejection or modification of the R&R, with which the Court concurs. The Court overrules Plaintiffs' objections, adopts in full Judge Bloom's R&R, and dismisses Plaintiffs' class-of-one claim and Christopher Lilakos's due process claims, as recommended by Judge Bloom.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 5 , 2018
      Brooklyn, New York