```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LOUIS LILAKOS,

                         Plaintiff,                                      MEMORANDUM & ORDER
            - against -                                                  14-CV-5288 (PKC) (LB)

NEW YORK CITY; VLADIMIR PUGACH, in
his individual capacity; ARTHUR LEVINE, a
police officer assigned to the Office of Special
Enforcement, in his individual and official
capacity; JOSEPH GIGLIO, a police officer
assigned to the Office of Special Enforcement,
in his individual and official capacity; ERVIN
SANTIAGO, a Fire Inspector assigned to the
Office of Special Enforcement, in his individual
and official capacity; KATHLEEN MCGEE,
former director of the Office of Special
Enforcement, in her individual and official
capacity; and DEREK LEE, Commissioner of
the Department of Buildings, in his individual
and official capacity,

                         Defendants.
----------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Plaintiff Louis Lilakos, appearing *pro se*, brings this action under 42 U.S.C. § 1983 and New York law, alleging that Defendants New York City, New York City Department of Buildings ("DOB") Inspector Vladimir Pugach, New York City Police Department ("NYPD") Sergeant Arthur Levine, NYPD Officer Joseph Giglio, New York City Fire Department Inspector Ervin Santiago, Former Director of the New York City Mayor's Office of Special Enforcement Kathleen McGee, and DOB Commissioner for the Borough of Queens Derek Lee violated his Fourth and Fourteenth Amendment rights by issuing and enforcing Notices of Violation and a Vacate Order

against his property.[1]  On April 20, 2018, Defendants filed a motion for summary judgment.  (Dkt. 134.)  The motion was referred to the Honorable Lois Bloom, United States Magistrate Judge, for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(d).  In the R&R, Judge Bloom recommended that the Court grant Defendants' motion for summary judgment and dismiss this matter.  (Report & Recommendation ("R&R"), Dkt. 154, at ECF 11-18.)[2]  On July 25, 2018, Plaintiff filed objections to Judge Bloom's R&R.  (Plaintiff's Objections to R&R ("Pl. Objs."), Dkt. 157.)  Finding no merit to Plaintiff's objections and no error in Judge Bloom's decision, the Court adopts the R&R in its entirety, and grants Defendants' motion for summary judgment.

**I.     Standard of Review**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  With respect to a magistrate judge's recommendation on a dispositive matter, the Court reviews *de novo* those determinations as to which a party has specifically objected.  *See id.* ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").  However, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same

---

[1] The Court previously granted Defendants' motion to dismiss Plaintiff's equal protection class-of-one claim and all claims brought by Christopher Lilakos.  *See Lilakos v. New York City*, No. 14-CV-5288, 2018 WL 1168577, at *5 (E.D.N.Y. Mar. 5, 2018).

[2] Citations refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

arguments set forth in the original papers will not suffice to invoke *de novo* review." *Frankel v. New York City*, No. 06-CV-5450, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) (quotation and brackets omitted). Accordingly, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (quotation omitted).

At the same time, the Court is mindful that "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation and emphasis omitted). Nevertheless, "even a *pro se* party's objections to a Report & Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

**II.    Analysis**

The Court has reviewed the Second Amended Complaint ("SAC"),[3] the parties' respective submissions relating to Defendants' motion for summary judgment, and Judge Bloom's well-reasoned and thorough R&R. Plaintiff raises 29 objections to Judge Bloom's R&R. In the interest of efficiency, the Court will address these objections in related groups.

**A. Plaintiffs' Objections to the R&R's Procedural Due Process Analysis**

Objections 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 26, and 27 relate to Plaintiff's procedural due process claim. (Pl. Objs. at 2-11, 14-16.) Plaintiff argues that

---

[3] Plaintiff's claims against the individual agencies were previously dismissed. *See Lilakos v. New York City*, No. 14-CV-5288, 2016 WL 5928674, at *1 (E.D.N.Y. Sept. 30, 2016), *reconsideration denied*, 2016 WL 6768943 (E.D.N.Y. Nov. 15, 2016). In addition, Plaintiff withdrew his excessive force claim against the four John Doe officers. (*See* Dkt. 81 at 15.)

3

Defendants violated his rights when the DOB issued an emergency Vacate Order without affording him due process. (SAC ¶¶ 276-291.) "[D]ue process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971). "[T]he Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). "When the deprivation occurs in the more structured environment of established state procedures, rather than random acts," the availability of post-deprivation procedures "will not, ipso facto, satisfy due process." *Id.* By contrast, claims arising from deprivation inflicted by random acts will not succeed "when a state employee intentionally deprives an individual of property or liberty, so long as the State provides" a post-deprivation remedy that is "meaningful." *Id.* Vacate orders fall into this latter category. *See Shelter Inc. Realty v. City of New York*, No. 01-CV-7015, 2007 WL 29380, at *10 (E.D.N.Y. Jan. 4, 2007) ("With respect to a vacate order, only a post-deprivation remedy is constitutionally required when emergency action is necessary.").

 1. <u>Objections 1, 3, 4, 7, 13, 26, and 27</u>

Objections 1, 3, 4, 7, 13, 26, and 27 all concern the legitimacy of the Vacate Order imposed on Plaintiff. (Pl. Objs. at 2-6, 8, 14-16.) But as Judge Bloom repeatedly instructed Plaintiff when presented with these exact arguments in the past (*see* Dkt. 47 at 16, R&R at 3 n.3), Plaintiff cannot challenge in this forum the integrity of the process that the DOB and Environmental Control Board afforded him when those agencies determined that the Vacate Order was legitimate, because the Office of Administrative Trials and Hearings, New York Supreme Court, and New York Appellate

Division have already decided this issue. *See Matter of Lilakos v. Lee*, No. 8827/2014 (Sup. Ct. Queens Cty. N.Y. Oct. 30, 2014); *Matter of Lilakos v. Envtl. Control Bd.*, No. 9640/2014 (Sup. Ct. Queens Cty. N.Y. Mar. 24, 2015); (Dkt. 47 at 15); *Lilakos v. Lee*, 49 N.Y.S. 3d 529, 897 (N.Y. App. Div. 2017); *see also In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) (where legal claims and issues "necessarily [were] decided in" the post-deprivation proceedings held in state court, plaintiff had "full and fair opportunity" to litigate his challenges in that forum and issue preclusion applies). The Court therefore concludes that Judge Bloom did not clearly err when she rejected Plaintiff's rehashed and previously rejected arguments and again found that issue preclusion bars his claims in this court. *See Hill v. Coca Cola Bottling Co. of N.Y.*, 786 F.2d 550, 553 (2d Cir. 1968) (determining that litigant was precluded from relitigating in federal court issue that he had a full and fair opportunity to address in an Article 78 proceeding under New York law).

2. Objections 5, 6, 8, 9, 12, and 14

Objections 5, 6, 8, 9, 12, and 14 all dispute the factual bases that the New York City Mayor's Office of Special Enforcement relied upon to conclude that an emergency existed requiring evacuation of Plaintiff's home. (Pl. Objs. at 5-9.) But again: Plaintiff already made these arguments in state court, where they were rejected. *See, e.g.*, *Matter of Lilakos v. Envtl. Control Bd.*, 48 N.Y.S. 3d 775, 777 (N.Y. App. Div. 2017) ("because there was substantial evidence that the property was primarily being used to house multiple transient occupants overnight, the [Environmental Control Board's] determination that the property did not have the requisite fire alarm system, sprinkler system, and number of means of egress was supported by substantial evidence"). Because the factual bases of the Vacate Order "necessarily [were] decided in" the post-deprivation proceedings held in state court and Plaintiff "had a full and fair

5

opportunity" to litigate his challenges in that forum, issue preclusion applies and Judge Bloom did not clearly err. *In re Hyman*, 502 F.3d at 65.

> 3. Objections 10, 11, 15, 16, 17, 18, 20, 21, 22, 23

Objections 10, 11, 15, 16, 17, 18, 20, 21, 22, and 23 contend that the R&R misapprehended facts. (Pl. Objs. at 7, 9-11.) But objections 10, 11, 15, 16, 17, 18, 20, and 22 all dispute facts that are immaterial (*id.*), rendering their consideration unnecessary for summary judgment purposes. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact" (emphases in original)). Furthermore, objections 21 and 23 contend that the R&R misapprehended facts relating to Plaintiff's efforts to challenge the Vacate Order. (Pl. Objs. at 11.) By doing so, these objections effectively rehash factual contentions that have already been rejected in state court proceedings. *See Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986) ("when a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts" (quotation, ellipsis, and citation omitted)). These objections are therefore rejected.

Accordingly, the Court adopts the R&R's recommendation and grants summary judgment to Defendants on Plaintiff's procedural due process claim.

**B. Plaintiffs' Objections to the R&R's Substantive Due Process Analysis**

Objections 2, 19, and 24 relate to Plaintiff's substantive due process claim. (Pl. Objs. 3-4, 10, 11-13.) Liberally construed, the Second Amended Complaint appears to allege that Plaintiff was "not given the option to exclude transient occupants from the Property in order to be allowed

6

to return to the Property." (Dkt. 47 at 19.) "In order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action but also that the government action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005) (quotation omitted).

Through these objections, Plaintiff contends that the R&R demonstrated inconsistency and inattention to the evidence with respect to what is conscience-shocking. (Pl. Objs. at 3, 10.) Plaintiff contends that Defendants were motivated by scorn and contempt in issuing the Vacate Order, and imposed stringent and outrageous demands on Plaintiff before the Vacate Order could be lifted. (*Id.*) Objection 2 also cites Judge Bloom's observation, made in her earlier Report & Recommendation on Defendants' motion to dismiss, that a scenario described by Defendants "perversely required Mr. Lilakos to conform his Property to a transient use hostel in order to regain the right to live there, even if he agreed to live there only with his son, daughter, and Mr. Pritzakis." (Dkt. 47 at 19.) But, as Judge Bloom notes in the current R&R (relating to the summary judgment motion), there is now no genuine dispute of material fact that Plaintiff could have simply certified that he had discontinued the illegal transient occupancy, which would have triggered the reinspection necessary to lift the Vacate Order (R&R at 15)—a fact which directly belies the unsupported conclusory statements made in objection 23 (Pl. Obs. at 11). The Court concludes that the simple requirement that Plaintiff cease illegal transient occupancy in order to reoccupy his home does not constitute "conduct that is so outrageously arbitrary as to constitute a gross of governmental authority." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 505 (2d Cir. 2001) (quotation omitted).

Accordingly, the Court adopts the R&R's recommendation to grant summary judgment to Defendants on Plaintiff's substantive due process claim.

### C. Plaintiffs' Objections to the R&R's Malicious Prosecution Analysis

Objection 25 relates to Plaintiff's malicious prosecution claim. (Pl. Objs. at 14.) Plaintiff's malicious prosecution claim is based on the dismissal of one of the five Notices of Violation issued by the DOB on June 13, 2013. (SAC ¶¶ 305-309.) In order to prevail on this claim, Plaintiff must show: "1) the initiation of an action by defendant against him, 2) begun with malice, 3) without probable cause to believe it can succeed, 4) that ends in failure or, in other words, terminates in favor of the plaintiff." *Engel v. CBS, Inc.*, 145 F.3d 499, 502 (2d Cir. 1998) (quotation and brackets omitted). Additionally, "if the proceeding of which plaintiff complains was a civil action, the plaintiff must prove special injury—some interference with the plaintiff's person or property beyond the ordinary burden of defending a lawsuit." *Id.* (quotation, brackets, and ellipsis omitted).

Objection 25 contends that because "the [V]acate [O]rder required the prosecution of [Notice of Violation] 35007319L and that [Notice of Violation] was dismissed, [D]efendants' summary judgment request of [Plaintiff's] malicious prosecution claim should be denied and [Plaintiff's] malicious prosecution claim should be allowed." (Pl. Objs. at 14.) But the dismissal of one of the Notices of Violation plainly did not render the entire Vacate Order unjustifiable. In any event, the administrative disputes over the Vacate Order did not end in Plaintiff's favor, dooming any otherwise viable malicious prosecution claim. *See Liberty Synergistics, Inc. v. Microflo Ltd.*, 50 F. Supp. 3d 267, 285 (E.D.N.Y. 2014) ("Under New York law, there are two ways to establish favorable termination: (1) an adjudication of the merits by the tribunal in the prior action, or (2) an act of withdrawal or abandonment on the part of the party prosecuting the prior action." (quotations omitted)).

To the extent that Plaintiff's malicious prosecution claim rests on the dismissal of Notice of Violation 35007319L rather than the Vacate Order, the claim fails, because the Notice of

Violation did not involve the deprivation of property. A malicious prosecution claim "may be based upon a civil action instituted against plaintiff provided that there is a showing of some interference with plaintiff's person or property, by the use of such provisional remedies as arrest, attachment, replevin or injunction, or other burden imposed on plaintiff beyond the ordinary burden of defending a law suit." *O'Brien v. Alexander*, 101 F.3d 1479, 1485 (2d Cir. 1996) (citations omitted). As Judge Bloom noted, the Notice of Violation did not entail a deprivation of property within this framework. (R&R at 17.)

Accordingly, objection 25 is rejected, and the Court adopts the R&R's recommendation to grant summary judgment to Defendants on Plaintiff's malicious prosecution claim.

### D. Remaining Objections

Objections 28 and 29 argue that the R&R is objectionable in its entirety because it misrepresents facts, misapplies law, and ignores the appropriate standard of review. (Pl. Objs. at 16.) The Court rejects these objections, as they are "[g]eneral" and "conclusory" in nature. *Chime*, 137 F. Supp. 3d at 187.

### E. State Law Claims

Having dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state claims. *See* 18 U.S.C. § 1367(c)(3). "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998).[4]

---

[4] The Court notes that Plaintiff failed to object to the position taken by the R&R with respect to his state law claims. (*See* Dkt. 157.)

## **CONCLUSION**

Plaintiff has failed to raise any objection that warrants rejection or modification of the R&R, with which the Court concurs. The Court rejects Plaintiff's objections, adopts in full Judge Bloom's R&R, and grants summary judgment in favor of Defendants, as recommended by Judge Bloom. The Clerk of Court is respectfully directed to enter judgment in Defendants' favor and terminate this action.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: November 29, 2018
      Brooklyn, New York